**CRAIG DOUGLAS DAVIS**
**DAVIS, ERMIS & ROBERTS, P.C.**
**1521 N. Cooper, Suite 860**
**Arlington, Texas 76011**
**(817) 265-8832 Telephone**
**(972) 262-3264 Facsimile**
**Attorneys for Debtor**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| IN RE: | § | BANKRUPTCY NO. |
| | § | |
| **DIVERSIFIED POWER** | § | |
| **SYSTEMS, INC.** | § | 21-40034-MXM-11 |
| | § | |
| | § | |
| **DEBTOR-IN-POSSESSION** | § | CHAPTER 11 |

**DIVERSIFIED POWER SYSTEMS, INC.**
**DISCLOSURE STATEMENT, DATED NOVEMBER 4, 2021**

_____
In Re: Diversified Power Systems, Inc.
Bankruptcy Case No. 21-40034-MXM-11, Disclosure Statement
Dated: November 4, 2021

**INTRODUCTION**

This is the disclosure statement (the "Disclosure Statement") in the small business Chapter 11 case of DIVERSIFIED POWER SYSTEMS, INC. ("Debtor"). This Disclosure Statement contains information about DIVERSIFIED POWER SYSTEMS, INC. and describes the Chapter 11 Reorganization Plan (the "Plan") filed by the Debtor on November 4, 2021.

*Your rights may be affected. You should read the Plan and this Disclosure Statement carefully and discuss them with your attorney. If you do not have an attorney, you may wish to consult one.*

The proposed distributions under the Plan are discussed at pages 5, 6, 7, 8 & 9 of this Disclosure Statement. **General unsecured creditors are classified in Class 5 and will receive distribution under the Plan for their allowed claims.**

A. **Purpose of This Document**

This Disclosure Statement describes:

- The Debtor and significant events during the bankruptcy case,
- How the Plan proposes to treat claims of the type you hold (i.e., what you will receive on your claim if the plan is confirmed),
- Who can vote on or object to the Plan,
- What factors the Bankruptcy Court (the "Court") will consider when deciding whether to confirm the Plan,
- Why DIVERSIFIED POWER SYSTEMS, INC. believes the Plan is feasible, and how the treatment of your claim under the Plan compares to what you would receive on your claim in liquidation, and
- The effect of confirmation of the Plan.

**Be sure to read the Plan as well as the Disclosure Statement. This Disclosure Statement describes the Plan, but it is the Plan itself that will, if confirmed, establish your rights.**

B. **Deadlines for Voting and Objecting; Date of Plan Confirmation Hearing**

The Court has not yet confirmed the Plan described in this Disclosure Statement. This section describes the procedures pursuant to which the Plan will or will not be confirmed.

_____
In Re: Diversified Power Systems, Inc.
Bankruptcy Case No. 21-40034-MXM-11, Disclosure Statement
Dated: November 4, 2021

1. *Time and Place of the Hearing to Confirm the Plan*

The hearing at which the Court will determine whether to confirm the Plan will take place on December 9, 2021 at 1:30 p.m. via WEBEX with the Honorable Mark X. Mullin.

2. *Deadline for Voting to Accept or Reject the Plan*

If you are entitled to vote to accept or reject the plan, vote on the enclosed ballot and return the ballot to:

Craig D. Davis
Davis, Ermis & Roberts, P.C.
1521 N. Cooper, Suite 860
Arlington, Texas 76011
Fax: (972) 262-3264
Email: davisdavisandroberts@yahoo.com

See Section IV. (A) below for a discussion of voting eligibility requirements.

Your ballot must be received by Mr. Davis in the Office of Debtor's Counsel by 12/04/2021 by 5:00 p.m. or it will not be counted.

3. *Deadline for Objecting to the Adequacy of Disclosure and Confirmation of the Plan*

Objections to this Disclosure Statement or to the confirmation of the Plan must be filed with the Court and served upon Craig D. Davis, Counsel for the Debtor by 12/04/2021 by 5:00 p.m.

4. *Identity of Person to Contact for More Information*

Creditors should talk with a lawyer about their rights and responsibilities in this case. All Creditors should have their lawyers contact the lawyer for DIVERSIFIED POWER SYSTEMS, INC., who is:

Craig D. Davis
Davis, Ermis & Roberts, P.C.
1521 N. Cooper, Suite 860
Arlington, Texas 76011
Tel: (817) 265-8832
Fax: (972) 262-3264
Email: davisdavisandroberts@yahoo.com

_____
In Re: Diversified Power Systems, Inc.
Bankruptcy Case No. 21-40034-MXM-11, Disclosure Statement
Dated: November 4, 2021

If a Creditor does not have a lawyer but still wants more information, that Creditor can call DIVERSIFIED POWER SYSTEMS, INC.'s lawyer directly. HOWEVER, REMEMBER THAT DIVERSIFIED POWER SYSTEMS, INC.'S LAWYER CANNOT GIVE CREDITORS LEGAL OR FINANCIAL ADVICE BECAUSE DIVERSIFIED POWER SYSTEMS, INC.'S LAWYER REPRESENTS DIVERSIFIED POWER SYSTEMS, INC., NOT THE CREDITORS.

II.  **BACKGROUND**

A. **Description and History of DIVERSIFIED POWER SYSTEMS, INC. Business, Events Leading to Bankruptcy Filing, and Significant Events During the Bankruptcy Case**

DIVERSIFIED POWER SYSTEMS, INC. (the "Debtor") was founded on July 1, 2004 by its President, William R. Bertrand ("Mr. Bertand").  The Debtor's main focus of business has to do with industrial generators.  The Debtor has several contracts with hospitals, nursing homes and large commercial buildings to maintain and repair their generators.  These generators are used in these facilities to generate power for essential needs if the local electric grid fails.  Not only do they maintain and repair existing generators, they also sell and install new generators for the previously mentioned types of businesses.  Over the past several years, Mr. Bertrand has built the Debtor into a thriving and profitable business.  Unfortunately, in the spring of 2017 Mr. Bertrand, who is the president and primary person involved in building this business, was diagnosed with liver cancer.  This diagnosis greatly restricted Mr. Bertrand's involvement in the business.  This caused family members, specifically Mr. Bertrand's wife ("Ms. Bertrand") to come in and take over operations of the family business.  Ms. Bertrand had no experience in this business at the time that she was forced to take over the operations due to Mr. Bertrand's illness.  Ms. Bertrand has done an admirable job of learning quickly and attempting to keep the Debtor operating.  However, during this learning curve, business temporarily dropped and the Debtor was forced to seek relief under the United States Bankruptcy Code.  Fortunately, Mr. Bertrand received a liver transplant in early summer of 2018.  During the summer of 2020, Mr. Bertrand contracted COVID19.  Taking into account his immune system is compromised due to the liver transplant and immunosuppressant drugs to counteract the liver being rejected, Mr. Bertrand was sick for several months.  Finally, after almost losing his life to COVID19, Mr. Bertrand finally was released from the hospital.  Mr. Bertrand is on the road to recovery and will soon be able to retake over the operations of the Debtor.  With Mr. and Ms. Bertrand working together, the Debtor believes that it will be able to perform its obligations under the proposed Chapter 11 Plan and regain its profitability.

B. **Projected Recovery of Avoidable Transfers**

The Debtor does not intend to pursue preference, fraudulent conveyance, or any avoidance actions.

_____
In Re:  Diversified Power Systems, Inc.
Bankruptcy Case No. 21-40034-MXM-11, Disclosure Statement
Dated:  November 4, 2021

Page 4 of 18

C. **Claims Objections**

Except to the extent that a claim is already allowed pursuant to a final non-appealable order, the Debtor reserves the right to object to claims. Therefore, even if your claim is allowed for the voting purposes, you may not be entitled to a distribution if an objection to your claim is later upheld. DIVERSIFIED POWER SYSTEMS, INC. does currently plan to object to any of the filed claims.

D. **Current and Historical Financial Conditions**

A copy of the most recent post-petition operating report filed since the commencement of the Debtor's bankruptcy is attached as Exhibit A.

None of DIVERSIFIED POWER SYSTEMS, INC.'s assets are "exempt" pursuant to Section 522 of the Bankruptcy Code and applicable Texas Law and are not available for distribution to unsecured creditors.

III. **SUMMARY OF THE PLAN OF REORGANIZATION AND TREATMENT OF CLAIMS AND EQUITY INTERESTS**

A. **What is the Purpose of the Plan of Reorganization?**

As required by the Code, the Plan places its claims in various classes and describes the treatment each class will receive. The Plan also states whether each class of claims is impaired or unimpaired. **If the Plan is confirmed, your recovery will be limited to the amount provided by the Plan.**

B. **Unclassified Claims**

Certain types of claims are automatically entitled to specific treatment under the Code. They are not considered impaired, and holders of such claims do not vote on the Plan. They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Code. Therefore, DIVERSIFIED POWER SYSTEMS, INC. has *not* placed the following claims in any class:

1. *Administrative Expenses*

Administrative expenses are costs or expenses of administering DIVERSIFIED POWER SYSTEMS, INC.'s chapter 11 case which are allowed under § 507(a)(2) of the Code. The Code requires all administrative expenses be paid on the effective date of the Plan, unless a particular claimant agrees to a different treatment.

_____
In Re: Diversified Power Systems, Inc.
Bankruptcy Case No. 21-40034-MXM-11, Disclosure Statement
Dated: November 4, 2021

Craig D. Davis, DIVERSIFIED POWER SYSTEMS, INC.'s Counsel in this matter intends to make application to the Court for approval of the fees he has incurred in representing DIVERSIFIED POWER SYSTEMS, INC. in this Chapter 11 case. The amount of those fees is subject to Court approval and they are expected to be less than $35,000.

All trade and service debts and obligations, including 2021 and beyond ad valorem taxes, incurred in the normal course of business by DIVERSIFIED POWER SYSTEMS, INC. on or after the Petition Date will be paid when due in the ordinary course of DIVERSIFIED POWER SYSTEMS, INC.'s affairs unless a different time for payment is specified in this Plan. In addition, all quarterly fees to the United States Trustee will be paid until such time that DIVERSIFIED POWER SYSTEMS, INC.'s case is closed, converted, or dismissed.

2. *Priority Tax Claims*

Priority tax claims are unsecured income, employment, and other taxes described By § 507(a)(8) of the Code. Unless the holder of such a § 507(a)(8) priority tax claim agrees otherwise, it must receive the present value of such claim, in regular installments paid over a period not exceeding 5 years from the order of relief.

The following are the § 507(a)(8) priority tax claims that DIVERSIFIED POWER SYSTEMS, INC. proposes to pay under the Plan and their proposed treatment under the Plan:

**Priority Claims – Texas Workforce Commission**

The Texas Workforce Commission has filed a priority claim in the amount of $6,913.76. This claim will be paid over 60 months, from the anniversary of the petition date, beginning on the 15th day of the first month after confirmation of the plan.

EVENTS OF DEFAULT; ACCELERATION:

Events of Default. The occurrence of any of the following shall constitute an event of default under the Plan with regard to Priority Tax Claims:

Failure to Make Payments. Failure on the part of Debtor to pay fully when due any payment required to be made in respect of the Plan. However, due to the size and ongoing nature of the Texas Workforce Commission's claim, upon a default under the plan, the administrative collection powers and the rights of the Texas Workforce Commission shall be reinstated as they existed prior to the filing of the bankruptcy petition, including, but not limited to, the assessment of taxes, the filing of a notice of State tax lien and the powers of levy, seizure, and as provided under the laws of the State of Texas.

___

In Re: Diversified Power Systems, Inc.
Bankruptcy Case No. 21-40034-MXM-11, Disclosure Statement
Dated: November 4, 2021

Page 6 of 18

As to the Texas Workforce Commission:

    (a) If the Debtor fails to make any plan payment, or deposit any currently accruing employment; or fail to make payment of any tax to the Texas Workforce Commission within 10 days of the due date of such deposit or payment, or if the Debtor fails to file any required federal or state tax return by the due date of such return, then the State of Texas may declare that the Debtor is in default of the Plan. Failure to declare a default does not constitute a waiver by the State of Texas of the right to declare that the Debtor is in default.

    (b) If the State of Texas declares the Debtor to be in default of the Debtor's obligations under the Plan, then the entire imposed liability, together with any unpaid current liabilities, may become due and payable immediately upon written demand to the Debtor.

    (c) If full payment is not made within 14 days of such demand, then the Texas Workforce Commission may collect any unpaid liabilities through the administrative collection provisions of the laws of State of Texas. The Texas Workforce Commission shall only be required to send two notices of default, and upon the third event of Default the Texas Workforce Commission may proceed to collect on all amounts owed without recourse to the Bankruptcy Court and without further notice to the Debtor. The collection statute expiration date will be extended from the Petition Date until substantial default under the Plan. All payments will be sent to: *Office of the Attorney General; Bankruptcy – Collections Division; P.O. Box 12548; Austin, TX 78711-2548.*

**Priority Claims – Texas Comptroller of Public Accounts for Franchise Tax**

The Texas Comptroller of Public Accounts for Franchise Tax has filed a priority claim in the amount of $5,016.38. This claim will be paid over 60 months, from the anniversary of the petition date, beginning on the 15th day of the first month after confirmation of the plan.

    EVENTS OF DEFAULT; ACCELERATION:

    Events of Default. The occurrence of any of the following shall constitute an event of default under the Plan with regard to Priority Tax Claims:

    Failure to Make Payments. Failure on the part of Debtor to pay fully when due any payment required to be made in respect of the Plan. However, due to the size and ongoing nature of the Texas Comptroller of Public Accounts for Franchise Tax's claim, upon a default under the plan, the administrative collection powers and the rights of the Texas Comptroller of Public Accounts for Franchise Tax shall be reinstated as they existed prior to the filing of the bankruptcy petition, including, but not limited to, the assessment of taxes, the filing of a notice of State tax lien and the powers of levy, seizure, and as provided under the laws of the State of Texas.

---

In Re: Diversified Power Systems, Inc.
Bankruptcy Case No. 21-40034-MXM-11, Disclosure Statement
Dated: November 4, 2021

As to the Texas Comptroller of Public Accounts for Franchise Tax:

(a) If the Debtor fails to make any plan payment, or deposit any currently accruing employment; or fail to make payment of any tax to the Texas Comptroller of Public Accounts for Franchise Tax within 10 days of the due date of such deposit or payment, or if the Debtor fails to file any required federal or state tax return by the due date of such return, then the State of Texas may declare that the Debtor is in default of the Plan. Failure to declare a default does not constitute a waiver by the State of Texas of the right to declare that the Debtor is in default.

(b) If the State of Texas declares the Debtor to be in default of the Debtor's obligations under the Plan, then the entire imposed liability, together with any unpaid current liabilities, may become due and payable immediately upon written demand to the Debtor.

(c) If full payment is not made within 14 days of such demand, then the Texas Comptroller of Public Accounts for Franchise Tax may collect any unpaid liabilities through the administrative collection provisions of the laws of State of Texas. The Texas Comptroller of Public Accounts for Franchise Tax shall only be required to send two notices of default, and upon the third event of Default the Texas Comptroller of Public Accounts for Franchise Tax may proceed to collect on all amounts owed without recourse to the Bankruptcy Court and without further notice to the Debtor. The collection statute expiration date will be extended from the Petition Date until substantial default under the Plan. All payments will be sent to: *Office of the Attorney General; Bankruptcy – Collections Division; P.O. Box 12548; Austin, TX 78711-2548.*

**Priority Claims – Texas Comptroller of Public Accounts for Sales and Use Tax**

The Texas Comptroller of Public Accounts for Sales and Use Tax has filed a priority claim in the amount of $33,655.79. This claim will be paid over 60 months, from the anniversary of the petition date, beginning on the 15th day of the first month after confirmation of the plan.

EVENTS OF DEFAULT; ACCELERATION:

Events of Default. The occurrence of any of the following shall constitute an event of default under the Plan with regard to Priority Tax Claims:

Failure to Make Payments. Failure on the part of Debtor to pay fully when due any payment required to be made in respect of the Plan. However, due to the size and ongoing nature of the Texas Comptroller of Public Accounts for Sales and Use Tax's claim, upon a default under the plan, the administrative collection powers and the rights of the Texas Comptroller of Public Accounts for Sales and Use Tax shall be reinstated as

___

In Re: Diversified Power Systems, Inc.
Bankruptcy Case No. 21-40034-MXM-11, Disclosure Statement
Dated: November 4, 2021

Page 8 of 18

they existed prior to the filing of the bankruptcy petition, including, but not limited to, the assessment of taxes, the filing of a notice of State tax lien and the powers of levy, seizure, and as provided under the laws of the State of Texas.

As to the Texas Comptroller of Public Accounts for Sales and Use Tax:

(a) If the Debtor fails to make any plan payment, or deposit any currently accruing employment; or fail to make payment of any tax to the Texas Comptroller of Public Accounts for Sales and Use Tax within 10 days of the due date of such deposit or payment, or if the Debtor fails to file any required federal or state tax return by the due date of such return, then the State of Texas may declare that the Debtor is in default of the Plan. Failure to declare a default does not constitute a waiver by the State of Texas of the right to declare that the Debtor is in default.

(b) If the State of Texas declares the Debtor to be in default of the Debtor's obligations under the Plan, then the entire imposed liability, together with any unpaid current liabilities, may become due and payable immediately upon written demand to the Debtor.

(c) If full payment is not made within 14 days of such demand, then the Texas Comptroller of Public Accounts for Sales and Use Tax may collect any unpaid liabilities through the administrative collection provisions of the laws of State of Texas. The Texas Comptroller of Public Accounts for Sales and Use Tax shall only be required to send two notices of default, and upon the third event of Default the Texas Comptroller of Public Accounts for Sales and Use Tax may proceed to collect on all amounts owed without recourse to the Bankruptcy Court and without further notice to the Debtor. The collection statute expiration date will be extended from the Petition Date until substantial default under the Plan. All payments will be sent to: *Office of the Attorney General; Bankruptcy – Collections Division; P.O. Box 12548; Austin, TX 78711-2548.*

**Priority Claims - United States Trustee Fees**

All fees required to be paid by 28 U.S.C. § 1930(a)(6) ("U.S. Trustee Fees") will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

C.     **Classes of Claims and Equity Interests**

The following are the classes set forth in the Plan, and the proposed treatment that They will receive under the Plan:

_____
In Re:  Diversified Power Systems, Inc.
Bankruptcy Case No. 21-40034-MXM-11, Disclosure Statement
Dated:  November 4, 2021

1. *Classes of Secured Claims*

Allowed Secured Claims are claims secured by property of the Debtor's Bankruptcy estate to the extent allowed as secured claims under § 506 of the Code. If the value of the collateral securing the creditor's claim is less than the amount of the creditor's allowed claim, the deficiency will be classified as a general unsecured claim, however DIVERSIFIED POWER SYSTEMS, INC.'s Plan treats all claims in class one as fully secured. Ally Bank has an allowed secured claim for a 2016 Chevrolet Silverado with last 4 digits of VIN # is 8667. The allowed claim is $17,502.18. This claim will be paid direct and will follow the original terms and conditions of the underlying note. Ally Bank has an allowed secured claim for a 2015 Chevrolet Silverado with last 4 digits of VIN # is 9408. The allowed claim is $518.28. This claim will be paid direct and will follow the original terms and conditions of the underlying note.

### 1.01 Johnson County and Alvarado ISD

Johnson County and Alvarado ISD is the holder of a prepetition claim for unpaid ad valorem property taxes for tax year 2017 - 2020. Johnson County and Alvarado ISD is also the holder of an administrative expense claim for ad valorem property taxes for tax year 2021. Johnson County and Alvarado ISD shall receive payment in full of all amounts owed for tax year 2021 in the ordinary course of business prior to the state law delinquency date without being required to file and serve an administrative expense claim and request for payment as a condition of allowance as set forth in 11 U.S.C. Section 503(b)(1)(D). The liens that secure year 2018 ad valorem property taxes plus all penalties and interest that may accrue shall remain attached to the property and shall retain their priority pursuant to state law. Johnson County and Alvarado ISD shall receive interest on its prepetition claim from the Petition Date through the Effective Date of the Plan at the state statutory rate of 1% per month and post-Effective Date interest at the state statutory rate of 12% per annum pursuant to 11 U.S.C. Sections 506(b, 511 and 1129. Johnson County and Alvarado ISD shall receive payment of its prepetition claim in monthly installments that commence no later than 60 days from entry of the confirmation order. The length of payment of Johnson County and Alvarado ISD's claim shall be calculated to pay its claim in full with interest no later than the fifth anniversary of the petition date. Johnson County and Alvarado ISD retains the liens that secure all amounts owed for tax year 2017 - 2020 as well as the priority of those liens pursuant to state law. Notwithstanding any other provision in the Plan, in the event the Debtor/Reorganized Debtor disputes Johnson County and Alvarado ISD's claim, the Debtor/Reorganized Debtor shall make payments pursuant to the Plan which shall be applied to the undisputed amount of the claim. The Debtor/Reorganized Debtor shall have 60 days from the Effective Date to object to Johnson County and Alvarado ISD's claim. If no claim objection is filed by this deadline, Johnson County and Alvarado ISD's claim shall be deemed allowed. In the event of a default under the plan, Johnson County and Alvarado ISD will provide notice of the default to counsel for the Debtor/Reorganized Debtor. The Debtor/Reorganized Debtor shall have 14 days from the date of the notice to cure the default. In the event the Debtor/Reorganized Debtor

_____

In Re: Diversified Power Systems, Inc.
Bankruptcy Case No. 21-40034-MXM-11, Disclosure Statement
Dated: November 4, 2021

fails to cure the default, Johnson County and Alvarado ISD shall be entitled to pursue collection of all amounts owed pursuant to state law outside of the Bankruptcy Court. In the event of a third default, Johnson County and Alvarado ISD shall be entitled to pursue collection of all amounts owed pursuant to state law outside the Bankruptcy Court without further notice. Failure to timely pay post-petition taxes prior to the state law delinquency date shall constitute an event of default under the plan.

### 1.02 Internal Revenue Service

Allowed Secured or Priority Internal Revenue Service ("IRS") Claims are impaired and shall be satisfied as follows: The Allowed amount of all Tax Creditor Claims shall be paid out of the revenue from the continued operations of the business. The Tax Creditor Claims are alleged to be the IRS Claims for 941 taxes and other federal taxes asserted to be approximately $347,532.70. The Plan intends to treat the IRS claim as a priority Class 2 claim. The Class 2 claim will be paid in full over a 60 month period from the date of the petition, commencing on the Effective Date with interest at a rate of 4% per annum. Failure of the Debtor to meet the payment obligations set forth in the Plan shall constitute an event of default under the plan that is not timely cured herein. In addition, upon a default under the Plan, the administrative collection powers and the rights of the IRS shall be reinstated as they existed prior to the filing of the bankruptcy petition, including, but not limited to, assessment of taxes, the filing of a notice of a Federal (or state) tax lien and the powers of levy, seizure, and sale under the Internal Revenue Code. The below stated provisions apply to the IRS:

(a) If the Debtor or its successor in interest fails to make any Plan payments, and deposits of any currently accruing employment or sales tax liability, fails to make payment of any tax to the Internal Revenue Service within 10 days of the due date of such deposit or payment, or if the debtor or its successor in interest fails to file any required federal or state tax return by the due date of such return, then the United States may declare that the Debtor in default of the Plan. Failure to declare a default does not constitute a waiver by the United States of the right to declare that the successor in interest or Debtor is in default, if not cured under (c) below.

(b) If the United States declares the Debtor or the successor in interest to be in default of the Debtor's obligations under the Plan, then the entire imposed liability, together with any unpaid current liabilities, shall become due and payable immediately upon written demand to the Debtor or the successor in interest.

(c) If full payment is not made within 14 days of such demand, then the Internal Revenue Service may collect any unpaid liabilities through the administrative collection provisions of the Internal Revenue Code. The IRS shall only be required to send two notices of default and upon the third event of default, the IRS may proceed to collect on all accounts owed without recourse to the Bankruptcy

___

In Re: Diversified Power Systems, Inc.
Bankruptcy Case No. 21-40034-MXM-11, Disclosure Statement
Dated: November 4, 2021

Page 11 of 18

      Court and without further notice to the Debtor.
  (d)  The collection statute expiration date will be extended from the Petition Date until substantial default under the Plan.
  (e)  All payment will be sent to: Desiree Collard/ IRS, 1100 Commerce Street, Mail Code 5027 DAL, Dallas, Texas 75242.

The Internal Revenue Service shall not be bound by any release provisions in the Plan that would release any liability of the responsible persons of the Debtor to the IRS. The Internal Revenue Service may take such actions as it deems necessary to assess any liability that may be due and owing by the responsible persons of the Debtor to the Internal Revenue Service; but the Internal Revenue Service shall not take action to actually collect from such persons unless and until there is a default under the plan, and as set forth in paragraph (4) (a)-(d) above. The Class 2 creditor is impaired under this Plan.

  2. *Classes of General Unsecured Claims*

General Unsecured claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code.

The following chart identifies the Plan's proposed treatment of Classes 5 which contains general unsecured claims against the Debtor:

| Class # | Description | Impairment | Treatment |
|---|---|---|---|
| 5 | General Unsecured Class ComRent International, LLC, Receivables Performance Management, Captial One, N.A., Scott Porter, U.S. Trustee | No | General Unsecured Claims will receive distribution of 100% Pro-Rata over 10 years. |

  D. **Means of Implementing the Plan**

    *Source of Payments*

Payments and distributions under the Plan will be funded by the normal operations of the generator service and sales company.

  E. **Risk Factors**

    *The proposed Plan has the following risks:*

The primary risk factor to the success of DIVERSIFIED POWER SYSTEMS, INC.'s Plan is the possibility that the sales will under perform and not be sufficiently profitable to fund the payments required by the Plan.

___

In Re: Diversified Power Systems, Inc.
Bankruptcy Case No. 21-40034-MXM-11, Disclosure Statement
Dated: November 4, 2021

    F.    **Executory Contracts and Unexpired Leases**

    *None*

    G.    **Tax Consequences of Plan**

Creditors concerned with how the Plan may affect their Tax Liability should consult with their own accountants, attorneys and/or advisors.

**IV.    CONFIRMATION REQUIREMENTS AND PROCEDURES**

To be confirmable, the Plan must meet the requirements listed in §§ 1129(a) or (b) of the Code. These **include** the requirements that: the Plan must be proposed in good faith; at least one impaired class of claims must accept the plan; the Plan must distribute to each creditor at least as much as the creditor would receive in a Chapter 7 liquidation case, unless the creditor votes to accept the Plan; and the Plan must be feasible. These requirements are **not** the only requirements listed in § 1129, and they are not the only requirements for confirmation.

    A.    **Who May Vote or Object**

Any party in interest may object to the confirmation of the Plan if the party believes that the requirements for confirmation are not met.

A creditor has a right to vote for or against the Plan only if that creditor has a claim that is (1) allowed or allowed for voting purposes or (2) impaired.

In this case, DIVERSIFIED POWER SYSTEMS, INC. believes that some classes are impaired and that holders of claims in each of these classes are therefore entitled to vote to accept or reject the Plan. DIVERSIFIED POWER SYSTEMS, INC. believes that some classes are unimpaired and that holders of such claims in each of these classes, therefore, also have the right to vote to accept or reject the Plan.

    1.    *What Is an Allowed Claim?*

Only a creditor with an allowed claim has the right to vote on the Plan. Generally, a claim is allowed if either (1) the Debtor has scheduled the claim on the Debtor's schedules, (unless the claim has been scheduled as disputed, contingent or unliquidated), or (2) the creditor has filed a proof of claim, (unless an objection has been filed to such proof of claim). When a claim is not allowed, the creditor holding the claim cannot vote unless the Court, after notice and hearing, either overrules the objection or allows the claim for voting purposes pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure.

_____
In Re: Diversified Power Systems, Inc.
Bankruptcy Case No. 21-40034-MXM-11, Disclosure Statement
Dated: November 4, 2021

*The deadline for filing a proof of claim in this case was March 15, 2018.*

2. *What Is an Impaired Claim?*

As noted above, the holder of an allowed claim has the right to vote if it is in a class that is *impaired* under the Plan. As provided in § 1124 of the Code, a class is considered impaired if the Plan alters the legal, equitable, or contractual rights of the members of that class.

3. *Who is **Not** Entitled to Vote*

The holders of the following five types of claims are *not* entitled to vote:

- holders of claims that have been disallowed by an order of the Court;

- holders of other claims that are not "allowed claims" (as discussed above), unless they have been "allowed" for voting purposes.

***EVEN IF YOU ARE NOT ENTITLED TO VOTE ON THE PLAN, YOU HAVE A RIGHT TO OBJECT TO THE CONFIRMATION OF THE PLAN AND TO THE ADEQUACY OF THIS DISCLOSURE STATEMENT.***

4. *Who Can Vote in More Than One Class*

A creditor whose claim has been allowed in part as a secured claim and in part as an unsecured claim, or who otherwise hold claims in multiple classes, is entitled to accept or reject a Plan in each capacity, and should cast one ballot for each class that includes their claim.

B. **Votes Necessary to Confirm the Plan**

If impaired classes exist, the Court cannot confirm the Plan unless (1) all impaired classes have voted to accept the Plan, or the Plan is eligible to be confirmed by "cram down" on non-accepting classes, as discussed below and (2) at least one impaired class of creditors has accepted the Plan.

1. *Votes Necessary for a Class to Accept the Plan*

A class of claims accepts the Plan if both of the following occur: (1) the holders of more than one-half (1/2) of the allowed claims in the class, who vote, cast their votes to accept the Plan, and *2) the holders of at least two-thirds (2/3) in dollar amount of the allowed claims in the class, who vote, cast their votes to accept the Plan.

_____
In Re:  Diversified Power Systems, Inc.
Bankruptcy Case No. 21-40034-MXM-11, Disclosure Statement
Dated:  November 4, 2021

  2. *Treatment of Non-accepting Classes*

Even if one or more impaired classes reject the Plan, the Court may nonetheless confirm the Plan if the non-accepting classes are treated in the manner prescribed by §1129(b) of the Code. A plan that binds non-accepting classes is commonly referred to as a "cram down" plan. The Code allows the Plan to bind non-accepting classes of claims or equity interests if it meets all the requirements for consensual confirmation except the voting requirements of § 1129(a)(8) of the Code, does not "discriminate unfairly," and is "fair and equitable" toward each impaired class that has not voted to accept the Plan.

***YOU SHOULD CONSULT YOUR OWN ATTORNEY IF A "CRAM DOWN" CONFIRMATION WILL AFFECT YOUR CLAIM, AS THE VARIATIONS ON THIS GENERAL RULE ARE NUMBEROUS AND COMPLEX.***

  C. **Liquidation Analysis**

To confirm the Plan, the Court must find that all creditors who do not accept the Plan will receive at least as much under the Plan as such creditors would receive in a Chapter 7 liquidation. A liquidation analysis is attached to this Disclosure Statement as Exhibit B. DIVERSIFIED POWER SYSTEMS, INC. believes that this requirement has been satisfied because virtually all of their property is non-exempt under applicable State or Bankruptcy law, the Debtor has limited assets, and the IRS and the State of Texas has a large priority claim that would be paid prior to any distribution to unsecured creditors in a liquidation scenario.

  D. **Feasibility**

The Court must find that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, the Debtors.

  1. *Ability to Initially Fund Plan*

DIVERSIFIED POWER SYSTEMS, INC. will fund this through the operations of the generator service and sales business.

  2. *Ability to Make Future Plan Payments and Operate Without Further Reorganization*

DIVERSIFIED POWER SYSTEMS, INC. believes that they will have enough cash over the life of the Plan to make the required Plan payments.

***You Should Consult with Your Accountant or other Financial Advisor If You Have Any Questions Pertaining to These Projections.***

_____
In Re: Diversified Power Systems, Inc.
Bankruptcy Case No. 21-40034-MXM-11, Disclosure Statement
Dated: November 4, 2021

Page 15 of 18

### V.    EFFECT OF CONFIRMATION OF PLAN

####    A.    **Discharge of Debtors**

Confirmation of the Plan does not discharge any debt provided for in the Plan until the court grants a discharge on completion of all payments under the Plan, or as otherwise provided in § 1141 (d)(5) of the Code.  DIVERSIFIED POWER SYSTEMS, INC. will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

####    B.    **Closing of This Case**

DIVERSIFIED POWER SYSTEMS, INC. intends to ask the Court to close this case once its Plan has been confirmed and payments have commenced.  If the Court grants such a Motion, DIVERSIFIED POWER SYSTEMS, INC., can avoid continuing to pay the substantial quarterly fees that are due to the United States Trustee in Chapter 11 cases.  The Court may or may not grant this request.

####    C.    **Modification of Plan**

DIVERSIFIED POWER SYSTEMS, INC. may modify the Plan at any time before confirmation of the Plan.  However, the Court may require a new disclosure statement and/or re-voting on the Plan.

Upon request of DIVERSIFIED POWER SYSTEMS, INC., the United States Trustee, or the holder of an allowed unsecured claim, the Plan may be modified at any time after confirmation of the Plan but before completion of payments under the Plan, to (1) increase or reduce the amount of payments under the Plan on claims of a particular class, (2) extend or reduce the time period for such payments, or (3) alter the amount of distribution to a creditor whose claim is provided for by the Plan to the extent necessary to take account of any payment of the claim made other than under the Plan.

####    D.    **Retention of Jurisdiction**

Despite the entry of the Confirmation Order, the Court will retain jurisdiction over certain aspects of this case as specified in the Plan.

####    E.    **Final Decree & Discharge**

Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of Bankruptcy Procedure, DIVERSIFIED POWER SYSTEMS, INC., intends to file a motion with the Court to obtain a final decree to close the case. Alternatively, the Court may enter such a final decree on its own motion.  DIVERSIFIED POWER SYSTEMS, INC. also intends to seek a discharge from its debts at that time.

_____
In Re:  Diversified Power Systems, Inc.
Bankruptcy Case No. 21-40034-MXM-11, Disclosure Statement
Dated:  November 4, 2021

F. **Sale Of Assets**

DIVERSIFIED POWER SYSTEMS, INC. shall retain the power to sell any Asset of the Estate upon motion and notice to all Creditors pursuant to Bankruptcy Code § 363.

G. **Alternatives to the Plan**

Although the Disclosure Statement is intended to provide information to assist in the formation of a judgment as to whether to vote for or against the Plan and although creditors are not being offered through that vote an opportunity to express an opinion concerning alternatives to the Plan, a brief discussion of alternatives to the Plan may be useful. DIVERSIFIED POWER SYSTEMS, INC. believes the proposed Plan to be in the best interests of creditors and does not favor any alternative to the proposed Plan. In arriving at that conclusion, DIVERSIFIED POWER SYSTEMS, INC. assesses the alternatives as follows:

1. *Chapter 7 Liquidation Analysis*

DIVERSIFIED POWER SYSTEMS, INC. could convert this Case to Chapter 7 where a bankruptcy trustee would be appointed to liquidate and distribute assets. In the event that the Court does not confirm a plan of reorganization in this case, conversion to Chapter 7 will likely result. DIVERSIFIED POWER SYSTEMS, INC. believes this alternative to be unsatisfactory because Unsecured Creditors would receive less in a Chapter 7 bankruptcy proceeding as opposed to the proposed unsecured class dividend under DIVERSIFIED POWER SYSTEMS, INC.'s proposed plan of reorganization.

2. *Dismissal of the Case*

Dismissal of the Chapter 11 case would most likely lead to the same unsatisfactory result as a Chapter 7 liquidation. In addition, if the Debtor's case was dismissed or converted, all unsecured claims would receive nothing.

The vote on the Plan does not include a vote on alternatives to the Plan. There is no assurance what turn the proceedings will take if the Plan fails to be accepted. If you believe that there is an alternative that is preferable to the Plan and you wish to urge it upon the Court, you should consult counsel.

_____
In Re: Diversified Power Systems, Inc.
Bankruptcy Case No. 21-40034-MXM-11, Disclosure Statement
Dated: November 4, 2021

Page 17 of 18

Dated: November 4, 2021

Respectfully submitted,

/s/ Carie Gail Bertrand
Carie Gail. Bertrand
President
DIVERSIFIED POWER SYSTEMS, INC.


/s/ Craig D. Davis
Craig D. Davis
Davis, Ermis & Roberts, P.C.
1521 N. Cooper, Suite 860
Arlington, Texas  76011
Tel:  (817) 265-8832
Fax:  (972) 262-3264
Email:  davisdavisandroberts@yahoo.com
ATTORNEY FOR DIVERSIFIED POWER SYSTEMS, INC.

_____
In Re:  Diversified Power Systems, Inc.
Bankruptcy Case No. 21-40034-MXM-11, Disclosure Statement
Dated:  November 4, 2021

Page 18 of 18