DAVIS, ERMIS & ROBERTS, P.C.
1521 N. Cooper, Suite 860
Arlington, Texas 76011
(817) 265-8832 Telephone
(972) 262-3264 Facsimile
Attorney for Debtor(s)

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 21-40034-MXM-11 |
| | § | |
| **DIVERSIFIED POWER** | § | |
| **SYSTEMS, INC.** | § | |
| | § | |
| | § | |
| **DEBTOR-IN-POSSESSION** | § | **CHAPTER 11** |

___

**DIVERSIFIED POWER SYSTEMS, INC.**
**CONSOLIDATED PLAN OF REORGANIZATION, DATED NOVEMBER 4, 2021**

Craig D. Davis
State Bar No. 00793588
1521 N. Cooper, Suite 860
Arlington, Texas 76011
(817) 265-8832 Telephone
(972) 262-3264 Facsimile

**ATTORNEY FOR THE DEBTORS-IN-POSSESSION**

ARTICLE I

SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Diversified Power Systems, Inc., (the "Debtor") from the income earned by Diversified Power Systems, Inc.

This plan provides for 1 class of secured claims, 1 class of priority claims and 1 class of unsecured claims. **The holders of Class 5 General Unsecured Claims will receive a distribution under this Plan.** This Plan also provides for the payment of administrative and priority claims.

All creditors should refer to Articles II through IV of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holder has been circulated with this Plan. **YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE. (IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.)**

## ARTICLE II

## CLASSIFICATION OF CLAIMS AND INTERESTS

1. *Classes of Secured Claims*

Allowed Secured Claims are claims secured by property of the Debtor's Bankruptcy estate to the extent allowed as secured claims under § 506 of the Code. If the value of the collateral securing the creditor's claim is less than the amount of the creditor's allowed claim, the deficiency will be classified as a general unsecured claim, however DIVERSIFIED POWER SYSTEMS, INC.'s Plan treats all claims in class one as fully secured. Ally Bank has an allowed secured claim for a 2016 Chevrolet Silverado with last 4 digits of VIN # is 8667. The allowed claim is $17,502.18. This claim will be paid direct and will follow the original terms and conditions of the underlying note. Ally Bank has an allowed secured claim for a 2015 Chevrolet Silverado with last 4 digits of VIN # is 9408. The allowed claim is $518.28. This claim will be paid direct and will follow the original terms and conditions of the underlying note.

**1.01 Johnson County and Alvarado ISD**

Johnson County and Alvarado ISD is the holder of a prepetition claim for unpaid ad valorem property taxes for tax year 2020. Johnson County and Alvarado ISD is also the holder of an administrative expense claim for ad valorem property taxes for tax year 2021. Johnson County and Alvarado ISD shall receive payment in full of all amounts owed for tax year 2021 in the ordinary course of business prior to the state law delinquency date without being required to file and serve an administrative expense claim and request for payment as a condition of allowance as set forth in 11 U.S.C. Section 503(b)(1)(D). The liens that secure year 2021 ad valorem property taxes plus all penalties and interest that may accrue shall remain attached to the property and shall retain their priority pursuant to state law. Johnson County and Alvarado ISD shall receive interest on its prepetition claim from the Petition Date through the Effective Date of the Plan at the state statutory rate of 1% per month and post-Effective Date interest at the state statutory rate of 12% per annum pursuant to 11 U.S.C. Sections 506(b, 511 and 1129. Johnson County and Alvarado ISD shall receive payment of its prepetition claim in monthly installments that commence no later than 60 days from entry of the confirmation order. The length of payment of Johnson County and Alvarado ISD's claim shall be calculated to pay its claim in full with interest no later than the fifth anniversary of the petition date. Johnson County and Alvarado ISD retains the liens that secure all amounts owed for tax year 2017 - 2020 as well as

2

In Re: Diversified Power Systems, Inc.
Bankruptcy Case No. 21-40034 – MXM -11, Plan of Reorganization
Dated November 4, 2021

the priority of those liens pursuant to state law. Notwithstanding any other provision in the Plan, in the event the Debtor/Reorganized Debtor disputes Johnson County and Alvarado ISD's claim, the Debtor/Reorganized Debtor shall make payments pursuant to the Plan which shall be applied to the undisputed amount of the claim. The Debtor/Reorganized Debtor shall have 60 days from the Effective Date to object to Johnson County and Alvarado ISD's claim. If no claim objection is filed by this deadline, Johnson County and Alvarado ISD's claim shall be deemed allowed. In the event of a default under the plan, Johnson County and Alvarado ISD will provide notice of the default to counsel for the Debtor/Reorganized Debtor. The Debtor/Reorganized Debtor shall have 14 days from the date of the notice to cure the default. In the event the Debtor/Reorganized Debtor fails to cure the default, Johnson County and Alvarado ISD shall be entitled to pursue collection of all amounts owed pursuant to state law outside of the Bankruptcy Court. In the event of a third default, Johnson County and Alvarado ISD shall be entitled to pursue collection of all amounts owed pursuant to state law outside the Bankruptcy Court without further notice. Failure to timely pay post-petition taxes prior to the state law delinquency date shall constitute an event of default under the plan.

### 1.02 Internal Revenue Service

Allowed Secured or Priority Internal Revenue Service ("IRS") Claims are impaired and shall be satisfied as follows: The Allowed amount of all Tax Creditor Claims shall be paid out of the revenue from the continued operations of the business. The Tax Creditor Claims are alleged to be the IRS Claims for 941 taxes and other federal taxes asserted to be approximately $347,532.70. The Plan intends to treat the IRS claim as a priority Class 2 claim. The Class 2 claim will be paid in full over a 60 month period from the date of the petition, commencing on the Effective Date with interest at a rate of 4% per annum. Failure of the Debtor to meet the payment obligations set forth in the Plan shall constitute an event of default under the plan that is not timely cured herein. In addition, upon a default under the Plan, the administrative collection powers and the rights of the IRS shall be reinstated as they existed prior to the filing of the bankruptcy petition, including, but not limited to, assessment of taxes, the filing of a notice of a Federal (or state) tax lien and the powers of levy, seizure, and sale under the Internal Revenue Code. The below stated provisions apply to the IRS:

(a) If the Debtor or its successor in interest fails to make any Plan payments, and deposits of any currently accruing employment or sales tax liability, fails to make payment of any tax to the Internal Revenue Service within 10 days of the due date of such deposit or payment, or if the debtor or its successor in interest fails to file any required federal or state tax return by the due date of such return, then the United States may declare that the Debtor in default of the Plan. Failure to declare a default does not constitute a waiver by the United States of the right to declare that the successor in interest or Debtor is in default, if not cured under (c) below.

(b) If the United States declares the Debtor or the successor in interest to be in default of the Debtor's obligations under the Plan, then the entire imposed liability, together with any unpaid current liabilities, shall become due and payable immediately upon written demand to the Debtor or the successor in interest.

(c) If full payment is not made within 14 days of such demand, then the Internal Revenue Service may collect any unpaid liabilities through the administrative collection provisions of the Internal Revenue Code. The IRS shall only be required to send two notices of default and upon the third event of default, the IRS may proceed to collect on all accounts owed without recourse to the Bankruptcy Court and without further notice to the Debtor.

(d) The collection statute expiration date will be extended from the Petition Date until substantial default under the Plan.

(e) All payment will be sent to: Desiree Collard/ IRS, 1100 Commerce Street, Mail Code 5027 DAL, Dallas, Texas 75242.

The Internal Revenue Service shall not be bound by any release provisions in the Plan that would release any liability of the responsible persons of the Debtor to the IRS. The Internal Revenue Service may take such actions as it deems necessary to assess any liability that may be due and owing by the responsible persons of the Debtor to the Internal Revenue Service; but the Internal Revenue Service shall not take action to actually collect from such persons unless and until there is a default under the plan, and as set forth in paragraph (4) (a)-(d) above. The Class 2 creditor is impaired under this Plan.

*2. Classes of Unsecured Claims*

General unsecured claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code. **General unsecured Claims will receive a dividend under the Plan**

The following chart identifies the Plan's proposed treatment of Classes 5 which contains unsecured claims against the Debtors:

| Class # | Description | Impairment | Treatment |
|---|---|---|---|
| 5 | General Unsecured Class ComRent International, LLC, Receivables Performance Management, Captial One, N.A., Scott Porter, U.S. Trustee | No | General Unsecured Claims will receive distribution of 100% Pro-Rata over 10 years. |

ARTICLE III

TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,
U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

Certain types of claims are automatically entitled to specific treatment under the Code. They are not considered impaired, and holders of such claims do not vote on the Plan. They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Code. Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

4

In Re: Diversified Power Systems, Inc.
Bankruptcy Case No. 21-40034 – MXM -11, Plan of Reorganization
Dated November 4, 2021

Therefore, DIVERSIFIED POWER SYSTEMS, INC. has *not* placed the following claims in any class:

1. *Administrative Expenses*

Administrative expenses are costs or expenses of administering DIVERSIFIED POWER SYSTEMS, INC.'s chapter 11 case which are allowed under § 507(a)(2) of the Code. The Code requires all administrative expenses be paid on the effective date of the Plan, unless a particular claimant agrees to a different treatment.

All United States Trustee fees required to be paid by 28 U.S.C. § 1930(a)(6) ("U.S. Trustee Fees") will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

Craig D. Davis, DIVERSIFIED POWER SYSTEMS, INC.'s Counsel in this matter intends to make application to the Court for approval of the fees he has incurred in representing DIVERSIFIED POWER SYSTEMS, INC. in this Chapter 11 case. The amount of those fees is subject to Court approval and they are expected to be less than $35,000.

Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

All trade and service debts and obligations, including 2021 and beyond ad valorem taxes, incurred in the normal course of business by DIVERSIFIED POWER SYSTEMS, INC. on or after the Petition Date will be paid when due in the ordinary course of DIVERSIFIED POWER SYSTEMS, INC.'s affairs unless a different time for payment is specified in this Plan. In addition, all quarterly fees to the United States Trustee will be paid until such time that DIVERSIFIED POWER SYSTEMS, INC.'s case is closed, converted, or dismissed.

2. *Priority Tax Claims*

Priority tax claims are unsecured income, employment, and other taxes described By § 507(a)(8) of the Code. Unless the holder of such a § 507(a)(8) priority tax claim agrees otherwise, it must receive the present value of such claim, in regular installments paid over a period not exceeding 5 years from the order of relief.

The following are the § 507(a)(8) priority tax claims that DIVERSIFIED POWER SYSTEMS, INC. proposes to pay under the Plan and their proposed treatment under the Plan:

**Priority Claims – Texas Workforce Commission**

The Texas Workforce Commission has filed a priority claim in the amount of $6,913.76. This claim will be paid over 60 months, from the anniversary of the petition date, beginning on the 15th day of the first month after confirmation of the plan.

5

In Re: Diversified Power Systems, Inc.
Bankruptcy Case No. 21-40034 – MXM -11, Plan of Reorganization
Dated November 4, 2021

EVENTS OF DEFAULT; ACCELERATION:

Events of Default. The occurrence of any of the following shall constitute an event of default under the Plan with regard to Priority Tax Claims:

Failure to Make Payments. Failure on the part of Debtor to pay fully when due any payment required to be made in respect of the Plan. However, due to the size and ongoing nature of the Texas Workforce Commission's claim, upon a default under the plan, the administrative collection powers and the rights of the Texas Workforce Commission shall be reinstated as they existed prior to the filing of the bankruptcy petition, including, but not limited to, the assessment of taxes, the filing of a notice of State tax lien and the powers of levy, seizure, and as provided under the laws of the State of Texas.

As to the Texas Workforce Commission:
(a) If the Debtor fails to make any plan payment, or deposit any currently accruing employment; or fail to make payment of any tax to the Texas Workforce Commission within 10 days of the due date of such deposit or payment, or if the Debtor fails to file any required federal or state tax return by the due date of such return, then the State of Texas may declare that the Debtor is in default of the Plan. Failure to declare a default does not constitute a waiver by the State of Texas of the right to declare that the Debtor is in default.

(b) If the State of Texas declares the Debtor to be in default of the Debtor's obligations under the Plan, then the entire imposed liability, together with any unpaid current liabilities, may become due and payable immediately upon written demand to the Debtor.

(c) If full payment is not made within 14 days of such demand, then the Texas Workforce Commission may collect any unpaid liabilities through the administrative collection provisions of the laws of State of Texas. The Texas Workforce Commission shall only be required to send two notices of default, and upon the third event of Default the Texas Workforce Commission may proceed to collect on all amounts owed without recourse to the Bankruptcy Court and without further notice to the Debtor. The collection statute expiration date will be extended from the Petition Date until substantial default under the Plan. All payments will be sent to: *Office of the Attorney General; Bankruptcy – Collections Division; P.O. Box 12548; Austin, TX 78711-2548.*

**Priority Claims – Texas Comptroller of Public Accounts for Franchise Tax**

The Texas Comptroller of Public Accounts for Franchise Tax has filed a priority claim in the amount of $5,016.39. This claim will be paid over 60 months, from the anniversary of the petition date, beginning on the 15th day of the first month after confirmation of the plan.

EVENTS OF DEFAULT; ACCELERATION:

In Re: Diversified Power Systems, Inc.
Bankruptcy Case No. 21-40034 – MXM -11, Plan of Reorganization
Dated November 4, 2021

Events of Default. The occurrence of any of the following shall constitute an event of default under the Plan with regard to Priority Tax Claims:

Failure to Make Payments. Failure on the part of Debtor to pay fully when due any payment required to be made in respect of the Plan. However, due to the size and ongoing nature of the Texas Comptroller of Public Accounts for Franchise Tax's claim, upon a default under the plan, the administrative collection powers and the rights of the Texas Comptroller of Public Accounts for Franchise Tax shall be reinstated as they existed prior to the filing of the bankruptcy petition, including, but not limited to, the assessment of taxes, the filing of a notice of State tax lien and the powers of levy, seizure, and as provided under the laws of the State of Texas.

As to the Texas Comptroller of Public Accounts for Franchise Tax:

(a) If the Debtor fails to make any plan payment, or deposit any currently accruing employment; or fail to make payment of any tax to the Texas Comptroller of Public Accounts for Franchise Tax within 10 days of the due date of such deposit or payment, or if the Debtor fails to file any required federal or state tax return by the due date of such return, then the State of Texas may declare that the Debtor is in default of the Plan. Failure to declare a default does not constitute a waiver by the State of Texas of the right to declare that the Debtor is in default.

(b) If the State of Texas declares the Debtor to be in default of the Debtor's obligations under the Plan, then the entire imposed liability, together with any unpaid current liabilities, may become due and payable immediately upon written demand to the Debtor.

(c) If full payment is not made within 14 days of such demand, then the Texas Comptroller of Public Accounts for Franchise Tax may collect any unpaid liabilities through the administrative collection provisions of the laws of State of Texas. The Texas Comptroller of Public Accounts for Franchise Tax shall only be required to send two notices of default, and upon the third event of Default the Texas Comptroller of Public Accounts for Franchise Tax may proceed to collect on all amounts owed without recourse to the Bankruptcy Court and without further notice to the Debtor. The collection statute expiration date will be extended from the Petition Date until substantial default under the Plan. All payments will be sent to: *Office of the Attorney General; Bankruptcy – Collections Division; P.O. Box 12548; Austin, TX 78711-2548.*

**Priority Claims – Texas Comptroller of Public Accounts for Sales and Use Tax**

The Texas Comptroller of Public Accounts for Sales and Use Tax has filed a priority claim in the amount of $33,655.79. This claim will be paid over 60 months, from the anniversary of the petition date, beginning on the 15th day of the first month after confirmation of the plan.

EVENTS OF DEFAULT; ACCELERATION:

7

In Re: Diversified Power Systems, Inc.
Bankruptcy Case No. 21-40034 – MXM -11, Plan of Reorganization
Dated November 4, 2021

Events of Default. The occurrence of any of the following shall constitute an event of default under the Plan with regard to Priority Tax Claims:

Failure to Make Payments. Failure on the part of Debtor to pay fully when due any payment required to be made in respect of the Plan. However, due to the size and ongoing nature of the Texas Comptroller of Public Accounts for Sales and Use Tax's claim, upon a default under the plan, the administrative collection powers and the rights of the Texas Comptroller of Public Accounts for Sales and Use Tax shall be reinstated as they existed prior to the filing of the bankruptcy petition, including, but not limited to, the assessment of taxes, the filing of a notice of State tax lien and the powers of levy, seizure, and as provided under the laws of the State of Texas.

As to the Texas Comptroller of Public Accounts for Sales and Use Tax:

(a) If the Debtor fails to make any plan payment, or deposit any currently accruing employment; or fail to make payment of any tax to the Texas Comptroller of Public Accounts for Sales and Use Tax within 10 days of the due date of such deposit or payment, or if the Debtor fails to file any required federal or state tax return by the due date of such return, then the State of Texas may declare that the Debtor is in default of the Plan. Failure to declare a default does not constitute a waiver by the State of Texas of the right to declare that the Debtor is in default.

(b) If the State of Texas declares the Debtor to be in default of the Debtor's obligations under the Plan, then the entire imposed liability, together with any unpaid current liabilities, may become due and payable immediately upon written demand to the Debtor.

(c) If full payment is not made within 14 days of such demand, then the Texas Comptroller of Public Accounts for Sales and Use Tax may collect any unpaid liabilities through the administrative collection provisions of the laws of State of Texas. The Texas Comptroller of Public Accounts for Sales and Use Tax shall only be required to send two notices of default, and upon the third event of Default the Texas Comptroller of Public Accounts for Sales and Use Tax may proceed to collect on all amounts owed without recourse to the Bankruptcy Court and without further notice to the Debtor. The collection statute expiration date will be extended from the Petition Date until substantial default under the Plan. All payments will be sent to: *Office of the Attorney General; Bankruptcy – Collections Division; P.O. Box 12548; Austin, TX 78711-2548.*

## ARTICLE IV

## ALLOWANCE AND DISALLOWANCE OF CLAIMS

Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

8

In Re: Diversified Power Systems, Inc.
Bankruptcy Case No. 21-40034 – MXM -11, Plan of Reorganization
Dated November 4, 2021

Delay of Distribution on a Disputed Claim.  No distribution will be made on account of a disputed claim unless such claim is allowed.

Settlement of Disputed Claims.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE V

## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Assumed Executory Contracts and Unexpired Leases:

None

## ARTICLE VI

## MEANS FOR IMPLEMENTATION OF THE PLAN

Payments and distributions under the Plan will be funded by the following:

The payments required by the Plan will be funded through regular business operations of Diversified Power Systems, Inc.

## ARTICLE VII

## GENERAL PROVISIONS

Definitions and Rules of Construction.  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

Effective Date of Plan.  "Effective Date" means the first Business Day fourteen (14) days after Confirmation Date if the Confirmation Order is not stayed or, if the Confirmation Order is stayed, the first Business Day following the lifting, dissolution, or removal of such stay which is at least fourteen (14) days after the Confirmation Date.

Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

Controlling Effect.  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Texas govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided for in this Plan.

Sale of Assets.  Diversified Power Systems, Inc. shall retain the power to sell any Asset

9

In Re: Diversified Power Systems, Inc.
Bankruptcy Case No. 21-40034 – MXM -11, Plan of Reorganization
Dated November 4, 2021

of the Estate upon motion and notice to all Creditors pursuant to Bankruptcy Code § 363.

## ARTICLE VIII

## DISCHARGE

Discharge. Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) or the Code. The Debtors will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## ARTICLE IX

## MODIFICATION OF THE PLAN

Amendments Prior to Confirmation Date. Diversified Power Systems, Inc. may modify the Plan prior to Confirmation, and the Plan, as amended shall become the new Plan of Reorganization.

Amendments After Confirmation Date. Diversified Power Systems, Inc. may modify the Plan before its substantial consummation, provided that the Plan, as modified, meets the requirements of the Bankruptcy Code, and the Court, after notice and hearing, confirms this Plan, as modified.

Effect of Claims. A Holder of a Claim that has accepted or rejected this Plan shall be deemed to have accepted or rejected, as the case may be, this Plan, as modified, unless, within the time fixed by the Court, such holder changes its previous acceptance or rejection.

## ARTICLE X

## RETENTION OF JURISDICTION

Purposes. Notwithstanding entry of the Confirmation Order, this Court shall retain jurisdiction over this Chapter 11 case for the following purposes:

    a).     to determine any and all objections to the allowance of Claims or Interests, both before and after the Confirmation Date, including any objections to the classification of any claim or interest;

    b).     to determine any and all applications for fees and expenses authorized to be paid or reimbursed in accordance with section 503(b) of the Bankruptcy Code or this Plan;

    c).     to determine any and all pending applications for the assumption or rejection of executory contacts of for the rejection or assumption and assignment, as the case may be, of unexpired leases to which any Debtor is

10

In Re: Diversified Power Systems, Inc.
Bankruptcy Case No. 21-40034 – MXM -11, Plan of Reorganization
Dated November 4, 2021

a party or with respect to which it may be liable; to hear and determine any actions to void or terminate unexpired contracts or leases; and to hear and determine and, if need be, to liquidate any and all claims arising therefrom;

d). to hear and determine any and all actions initiated by the Reorganized Debtor, whether by motion, complaint or otherwise;

e). to determine any and all applications, motions, adversary proceedings and contested matters pending before the Court on Confirmation Date or filed or instituted after the Confirmation Date;

f). to modify this Plan, the Disclosure Statement or any document created in connection with this Plan or remedy any defect or omission or reconcile any inconsistency in any Order of the Court, this Plan, the Disclosure Statement or any document created in connection with this Plan, in such manner as may be necessary to carry out the purposes and effects of this Plan to the extent authorized by the Bankruptcy Code;

g). to ensure that the distribution is accomplished in accordance with the provisions of this Plan;

h). to allow, disallow, determine, liquidate or estimate any claim or interest and to enter or enforce any order requiring the filing of any such claim or interest before a particular date;

i). to enter such orders as may be necessary to interpret, enforce, administer, consummate, implement and effectuate the operative provisions of this Plan and all documents and agreements provided for herein or therein or executed pursuant hereto and thereto including, without limitations, entering appropriate orders to protect the Debtors from creditor actions;

j). to hear any other matter not inconsistent with Chapter 11 of the Bankruptcy Code;

k). to enter and implement such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, reversed, revoked or vacated;

l). to determine such other matters as may arise in connection with this Plan, the Disclosure Statement or the Confirmation Order;

m). to authorize the sale of any Assets as provided by this Plan;

n). to enforce all orders, judgments, injunctions, and ruling entered in connection with the Cases;

11

In Re: Diversified Power Systems, Inc.
Bankruptcy Case No. 21-40034 – MXM -11, Plan of Reorganization
Dated November 4, 2021

      o).    to determine all issues relating to the Claims of the IRS, and other taxing authorities, state or federal;

      p).    to determine any avoidance actions brought pursuant to the provisions of the Bankruptcy Code;

      q).    to enter a Final Order and final decree closing the Chapter 11 case.

Diversified Power Systems, Inc. asks you to vote in favor of their Plan.

Dated: November 4, 2021

By:

/s/ Carie Gail Bertrand
Carie Gail Bertrand
President
Diversified Power Systems, Inc.

COUNSEL:

By: /s/ Craig D. Davis
RONALD W. ROBERTS
State Bar No. 17018600
CRAIG D. DAVIS
State Bar No. 00793588
JEFFREY W. ERMIS
State Bar No. 24032159
1521 N. Cooper, Suite 860
Arlington, Texas 76011
(917) 265-8832 Telephone
(972) 262-3264 Facsimile

12

In Re: Diversified Power Systems, Inc.
Bankruptcy Case No. 21-40034 – MXM -11, Plan of Reorganization
Dated November 4, 2021