



**CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 10, 2021**

**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 21-40034-MXM-11 |
| DIVERSIFIED POWER SYSTEMS, INC. | § | |
| | § | In Proceedings Under Chapter 11 |
| Debtor | § | |
| | § | |

**ORDER CONFIRMING CHAPTER 11 PLAN OF REORGANIZATION**

On December 9, 2021, came on for hearing before this Court the Chapter 11 Plan of Reorganization Proposed by DIVERSIFIED POWER SYSTEMS, INC., Debtor and Debtor in Possession, dated November 4, 2021 (the "Plan")[1]. Craig D. Davis of Davis, Ermis & Roberts, P.C. appeared for and on behalf of DIVERSIFIED POWER SYSTEMS, INC. (the "Debtor").

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Amended Chapter 11 Plan of Reorganization proposed by the Debtor.

Page | 1

The Ballot Summary having been filed with the Court and the Court having been advised that, without including any acceptance of the Plan by any insider, one creditor cast a ballot in this Plan, the Court received evidence and heard arguments regarding the confirmability of the Plan.

The Court, having reviewed the pleadings and based on the evidence admitted and arguments of counsel, finds jurisdiction over the subject matter and parties, that the Disclosure Statement, Ballot for accepting or rejecting the Plan, the Plan and the Order Conditionally Approving Disclosure Statement were properly and timely mailed to all known creditors and parties in interest in the Chapter 11 case and that, for the reasons stated on the record, entry of the following orders is appropriate. It is therefore

**ORDERED, ADJUDGED AND DECREED** that the Plan, a copy of which is attached hereto as Exhibit "A", is **CONFIRMED;** it is further

**ORDERED, ADJUDGED AND DECREED** that under § 1129 of the Code, the Plan and its provisions shall bind the Debtor and all creditors of the Debtor, whether or not the claims of such creditors are impaired under the Plan and whether or not such creditors have accepted the Plan; it is further

**ORDERED, ADJUDGED AND DECREED** that pursuant to § 1129(a) and effective as of the date of entry of this Order, all property of the Debtor's estate is vested in the Debtor, free and clear of all liens, claims and interests, except as specifically provided in the Confirmation Order and in the Plan; it is further

**ORDERED, ADJUDGED AND DECREED** that except with respect to Classes of Claims unimpaired pursuant to the Plan, the distributions and rights afforded in the Plan shall be in complete and full satisfaction, discharge and release, effective as of the Effective Date, of all Claims against and interests in the Debtor or any of its assets or properties of any nature whatsoever; it is further

**ORDERED, ADJUDGED AND DECREED** that commencing on the Effective Date, except as expressly otherwise provided in the Plan, all Claim holders and interest holders shall be precluded forever from asserting against the Debtor, its assets and properties, any other or further liabilities, liens, obligations, Claims or equity interests, including but not limited to, all principle and accrued and unpaid interest and penalties on the debts of the Debtor, based on any act or omission, transaction or other activity or security interest or other agreement of any kind or

Page | 2

nature occurring, arising or existing prior to the Effective Date, that was or could have been the subject of any Claim or interest, whether or not Allowed, except with respect to Claims in Classes unimpaired pursuant to this Plan. As of the Effective Date, the Debtor shall be discharged and released from and shall hold all the assets and properties received or retained by it pursuant to this Plan, free of all liabilities, liens, Claims and obligations or other claims of any nature, including but not limited to, equity interests, known or unknown, except as provided in the Plan and Claims in Classes unimpaired pursuant to this Plan. All legal or other proceedings and actions seeking to establish or enforce liabilities, liens, Claims and equity interests or obligations of any nature against the Debtor or assets or properties received or retained by it with respect to debts and obligations, if any, of the estate arising before the Effective Date shall be permanently stayed or enjoined, except as otherwise specifically provided in this Plan; it is further

**ORDERED, ADJUDGED AND DECREED** that all fees payable under 28 U.S.C. § 1930, if not already paid, shall be paid by the Debtor on or before the Effective Date or when due if due after the Effective Date, and the Debtor shall be responsible for the timely payment of fees incurred pursuant to 28 U.S.C. § 1930(a)(6) until a Final Decree is entered and the case is closed by the Clerk of the Court; it is further

**ORDERED, ADJUDGED AND DECREED** Debtor shall file with the Court and serve on the United States Trustee a quarterly financial report for each quarter (or portion thereof) until the Bankruptcy Case is closed, dismissed, or converted, as the case may be; it is further

**ORDERED, ADJUDGED AND DECREED** that this Court shall retain and have all the jurisdiction conferred upon it by titles 28 and 11 of the United States Code and all amendments thereto, after the date of entry of this Order, and in particular shall retain jurisdiction over all requests for compensation and reimbursement of expenses by professionals in connection with the Plan or this case, whether for services and expenses before or after confirmation of the Plan, and all such requests shall be subject to Court approval, after notice and hearing; it is further

**ORDERED, ADJUDGED AND DECREED** that, so long as such amendments or modifications do not materially or adversely affect the interests of creditors or shareholders, the Debtor may propose amendments or modifications to the Plan after the entry of this Order with notice to Creditors and approval of the Court, in order to remedy any defect or omission, or

Page | 3

reconcile any inconsistencies in the Plan or in this Order, as may be necessary to carry out the purpose and intent of the Plan; it is further

**ORDERED, ADJUDGED AND DECREED** that, within five (5) days of the date of entry of this Order, the Debtor shall transmit by mail notice of the entry of this Order and of the deadlines to file certain claims, objections to claims, and fee applications, to all creditors and equity interest holders.

**ORDERED, ADJUDGED AND DECREED** that Johnson County and Alvarado ISD is the holder of a prepetition claim for unpaid ad valorem property taxes for tax year 2020. Johnson County and Alvarado ISD is also the holder of an administrative expense claim for ad valorem property taxes for tax year 2021. Johnson County and Alvarado ISD shall receive payment in full of all amounts owed for tax year 2021 in the ordinary course of business prior to the state law delinquency date without being required to file and serve an administrative expense claim and request for payment as a condition of allowance as set forth in 11 U.S.C. Section 503(b)(1)(D). The liens that secure year 2021 ad valorem property taxes plus all penalties and interest that may accrue shall remain attached to the property and shall retain their priority pursuant to state law. Johnson County and Alvarado ISD shall receive interest on its prepetition claim from the Petition Date through the Effective Date of the Plan at the state statutory rate of 1% per month and post-Effective Date interest at the state statutory rate of 12% per annum pursuant to 11 U.S.C. Sections 506(b, 511 and 1129. Johnson County and Alvarado ISD shall receive payment of its prepetition claim in monthly installments that commence no later than 60 days from entry of the confirmation order. The length of payment of Johnson County and Alvarado ISD's claim shall be calculated to pay its claim in full with interest no later than the fifth anniversary of the petition date. Johnson County and Alvarado ISD retains the liens that secure all amounts owed for tax year 2017 - 2020 as well as the priority of those liens pursuant to state law. Notwithstanding any other provision in the Plan, in the event the Debtor/Reorganized Debtor disputes Johnson County and Alvarado ISD's claim, the Debtor/Reorganized Debtor shall make payments pursuant to the Plan which shall be applied to the undisputed amount of the claim. The Debtor/Reorganized Debtor shall have 60 days from the Effective Date to object to Johnson County and Alvarado ISD's claim. If no claim objection is filed by this deadline, Johnson County and Alvarado ISD's claim shall be deemed allowed. In the event of a default

under the plan, Johnson County and Alvarado ISD will provide notice of the default to counsel for the Debtor/Reorganized Debtor. The Debtor/Reorganized Debtor shall have 14 days from the date of the notice to cure the default. In the event the Debtor/Reorganized Debtor fails to cure the default, Johnson County and Alvarado ISD shall be entitled to pursue collection of all amounts owed pursuant to state law outside of the Bankruptcy Court. In the event of a third default, Johnson County and Alvarado ISD shall be entitled to pursue collection of all amounts owed pursuant to state law outside the Bankruptcy Court without further notice. Failure to timely pay post-petition taxes prior to the state law delinquency date shall constitute an event of default under the plan.

**ORDERED, ADJUDGED AND DECREED**, that the Allowed Secured and/or Priority Internal Revenue Service ("IRS") are impaired and shall be satisfied as follows: the Allowed amount of the Secured and/or Priority IRS claim shall be paid in full over a period of 60 months from the date of the petition, with interest from the date of the petition of 4% per annum in equal monthly installments commencing thirty days from the Effective Date of the Plan. IRS's Secured and Priority Claim amounts to $347,532.70 as of the date of the petition, however, this amount includes estimated taxes as a result of Debtor's failure to timely file tax returns. All tax returns shall be filed by the Debtor within sixty days from confirmation of the Plan. After all returns are filed and processed by the IRS, IRS shall file an amendment to the proof of claim and such amount shall be satisfied as described above. If such returns are not filed, Debtor agrees to execute a Joint Motion to Dismiss and Agreed Order to Dismiss within five days of the submission of a proposed Joint Motion to Dismiss and Agreed Order to Dismiss to Debtor's counsel by email at [davisdavisandroberts@yahoo.com](mailto:davisdavisandroberts@yahoo.com). The unsecured claim of the IRS in the amount of $37,888.76 as of the date of the petition shall be treated in Class 5 Unsecured Claims. Failure of the Debtor to meet the payment obligations set forth in the Plan shall constitute an event of default under the plan that is not timely cured herein. In addition, upon a default under the Plan, the administrative collection powers and the rights of the IRS shall be reinstated as they existed prior to the filing of the bankruptcy petition, including, but not limited

to, assessment of taxes, the filing of a notice of a Federal (or state) tax lien and the powers of levy, seizure, and sale under the Internal Revenue Code. The below stated provisions apply to the IRS:

    (a)    If the Debtor or its successor in interest fails to make any Plan payments, and deposits of any currently accruing employment or sales tax liability, fails to make payment of any tax to the Internal Revenue Service within 10 days of the due date of such deposit or payment, or if the debtor or its successor in interest fails to file any required federal or state tax return by the due date of such return, then the United States may declare that the Debtor in default of the Plan. Failure to declare a default does not constitute a waiver by the United States of the right to declare that the successor in interest or Debtor is in default, if not cured under (c) below.

    (b)    If the United States declares the Debtor or the successor in interest to be in default of the Debtor's obligations under the Plan, then the entire imposed liability, together with any unpaid current liabilities, shall become due and payable immediately upon written demand to the Debtor or the successor in interest.

    (c)    If full payment is not made within 14 days of such demand, then the Internal Revenue Service may collect any unpaid liabilities through the administrative collection provisions of the Internal Revenue Code. The IRS shall only be required to send two notices of default and upon the third event of default, the IRS may proceed to collect on all accounts owed without recourse to the Bankruptcy Court and without further notice to the Debtor.

    (d)    The collection statute expiration date will be extended from the Petition Date until substantial default under the Plan.

    (e)    All payment will be sent to: Desiree Collard/ IRS, 1100 Commerce Street, Mail Code 5027 DAL, Dallas, Texas 75242.

The Internal Revenue Service shall not be bound by any release provisions in the Plan that would release any liability of the responsible persons of the Debtor to the IRS. The Internal Revenue Service may take such actions as it deems necessary to assess any liability that may be due and owing by the responsible persons of the Debtor to the Internal Revenue Service; but the Internal Revenue Service shall not take action to actually collect from such persons unless and until there is a default under the plan, and as set forth in paragraph (4) (a)-(d) above. The Class 2 creditor is impaired under this Plan.

**ORDERED, ADJUDGED AND DECREED** that notwithstanding anything to the contrary in the Plan or this Order, as to the Texas Comptroller of Public Accounts and the Texas

Workforce Commission (collectively the "**State of Texas**"), nothing in the Plan or this Order shall: (1) affect or impair any setoff or recoupment rights of the State of Texas under applicable bankruptcy and nonbankruptcy law and all such rights are preserved; (2) affect or impair any rights of the State of Texas to pursue any non-debtor third parties for tax debts or claims; (3) be construed to preclude the payment of interest and/or penalties, if any, on the State of Texas' administrative expense claims; (4) modify, to the extent that interest is payable as to any claim of the State of Texas, the statutory interest rate under applicable nonbankruptcy law; (5) impose, in relation to administrative expense claims of the State of Texas, a requirement to file a motion or application for payment as a condition of its allowance or to receive payment for such claims and such claims are allowed upon filing, subject to an objection; (6) confer exclusive jurisdiction upon the Bankruptcy Court; and (7) be construed as a compromise or settlement of any liability, claim, cause of action, suit, right, or interest of the State of Texas.

**ORDERED, ADJUDGED AND DECREED** that notwithstanding anything to the contrary in the Plan or this Order, as to the Texas Comptroller of Public Accounts (the "**Comptroller**") and Franchise Taxes on Claim No. 10, the Comptroller shall have an allowed priority claim in the amount of $2,216.96 (the "**Priority Franchise Claim**"). The Debtor shall pay the Comptroller's Priority Franchise Claim with interest at a rate of 4.25% per annum in equal monthly payments of $51.00. Payments on the Priority Franchise Claim shall commence on January 15, 2022 and continue on the 15th day of each month thereafter until the Priority Franchise Claim, plus any accrued interest, is paid in full, but in no event shall payments exceed sixty (60) months from the petition date. The remainder of Claim No. 10, in the amount of $1,449.44, shall be allowed as a non-priority unsecured claim and paid according to the terms and conditions of Class 5 of the Debtor's Plan.

**ORDERED, ADJUDGED AND DECREED** that notwithstanding anything to the contrary in the Plan or this Order, as to the Comptroller and Sales and Use Taxes on Claim No. 11, the Comptroller shall have an allowed priority claim in the amount of $30,465.71 (the "**Priority Sales Claim**"). The Debtor shall pay the Comptroller's Priority Sales Claim with interest at a rate of 4.25% per annum in equal monthly payments of $695.00. Payments on the Priority Sales Claim shall commence on January 15, 2022 and continue on the 15th day of each month thereafter until the Priority Sales Claim, plus any accrued interest, is paid in full, but in no

event shall payments exceed sixty (60) months from the petition date. The remainder of Claim No. 11, in the amount of $10,063.37, shall be allowed as a non-priority unsecured claim and paid according to the terms and conditions of Class 5 of the Debtor's Plan.

**ORDERED, ADJUDGED AND DECREED** that notwithstanding anything to the contrary in the Plan or this Order, as to the Texas Workforce Commission (the "**Commission**") and Unemployment Insurance Taxes on Claim No. 12, the Commission shall have an allowed administrative expense claim in the amount of $2,437.80 (the "**Admin UI Claim**"). The Debtor shall pay the Commission's Admin UI Claim in full, including all accrued interest and penalties, on or before the Effective Date as defined in the Plan. The Commission's Admin UI Claim shall continue to accrue interest and additional penalties may be imposed until the Admin UI Claim has been paid in full.

**ORDERED, ADJUDGED AND DECREED** that notwithstanding anything to the contrary in the Plan or this Order, as to the Commission and Unemployment Insurance Taxes on Claim No. 6, the Commission shall have an allowed priority claim in the amount of $4,554.09 (the "**Priority UI Claim**"). The Debtor shall pay the Commission's Priority UI Claim with interest at a rate of 4.25% per annum in equal monthly payments of $105.00. Payments on the Priority UI Claim shall commence on January 15, 2022 and continue on the 15th day of each month thereafter until the Priority UI Claim, plus any accrued interest, is paid in full, but in no event shall payments exceed sixty (60) months from the petition date. The remainder of Claim No. 6, in the amount of $452.80, shall be allowed as a non-priority unsecured claim and paid according to the terms and conditions of Class 5 of the Debtor's Plan.

**ORDERED, ADJUDGED AND DECREED**, that the General Unsecured Claims made by Internal Revenue Service, ComRent International, LLC, Receivables Performance Management, Capital One, N.A., Scott Porter, the Comptroller, the Commission, and U.S. Trustee will receive a distribution of 100% Pro Rata over 10 years.

### END OF ORDER ###

ORDER SUBMITTED BY:

By: /s/   Craig D. Davis

Craig D. Davis
State Bar No. 17018600
DAVIS, ERMIS & ROBERTS, P.C.
1010 N. Center, Suite 100
Arlington, Texas 76011
[davisdavisandroberts@yahoo.com](mailto:davisdavisandroberts@yahoo.com)
Telephone: 972.263.5922
Facsimile: 972.262.3264

ATTORNEYS FOR DEBTOR AND DEBTOR IN POSSESSION